**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD SCOTT PHIFER,<br><br>    Defendant. | No. CR05-4102 DEO<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

## *I. INTRODUCTION*

On November 13, 2006, the defendant Richard Scott Phifer was sentenced by the Honorable Donald E. O'Brien, pursuant to 18 U.S.C. § 924(a)(2), to fifteen months' incarceration and three years' supervised release on a charge of possession of a firearm after having been convicted of a misdemeanor crime of domestic violence. *See* Doc. Nos. 1 & 39. Phifer completed his federal prison term on April 19, 2007, and he was transferred to the custody of the State of Oregon, where he was convicted of Burglary 1st and sentenced to 48 months' imprisonment. Phifer was released on parole from the Oregon charge on June 28, 2010, and began serving his federal term of supervised release.

On January 20, 2011, the court modified Phifer's release conditions to include successful completion of inpatient alcohol treatment and placement at a residential reentry center ("RRC"), or halfway house, for up to 180 days. Phifer completed inpatient treatment at the Community Family Resources facility in Fort Dodge, Iowa, and was then placed at the Waterloo RRC in Waterloo, Iowa. He was unsuccessfully discharged from the RRC for possession of "K-2," synthetic marijuana.

On May 10, 2011, Phifer's supervised release was revoked, and he was sentenced to five months' imprisonment and 31 months' supervised release because of several

violations, including a DUI conviction, a misdemeanor sexual abuse conviction, alcohol use, and halfway house termination.

On July 7, 2011, Phifer began his second term of supervised release in Iowa. At the time of Phifer's instant arrest, he was attending the welding program at Western Iowa Tech and had been employed part-time at National Builders in Hawarden, Iowa.

On November 10, 2011, Phifer completed an outpatient substance abuse treatment program at the Jackson Recovery Center. He also has participated in random urinalysis, and no positive tests have been detected to date.

On February 7, 2012, United States Probation Officer Jay V. Jackson met with Phifer in the Probation Office, where Phifer admitted he was using K-2, but stated that he did not realize that K-2 use was illegal. On February 14, 2012, Phifer's girlfriend, Leah Neff, met with Officer Jackson. Neff stated that she had been dating Phifer for approximately five months, and the relationship had deteriorated to the point where she was fearful for her well-being. Neff described a relationship in which she was repeatedly abused by Phifer. On one occasion, Phifer struck her in the face, causing a swollen eye and cut lip. In another incident, Phifer and Neff were in his vehicle arguing about her past relationships when a fight ensued, and Phifer struck Neff in the face and then drove her to a remote location outside Sioux City. Phifer threatened her, and she was in such fear of her life that she attempted to exit the vehicle while it was traveling at a high rate of speed. When the vehicle stopped, Phifer assaulted her. Neff reported that Phifer had threatened her on several occasions, telling her that he would kill her or have someone else kill her if he were returned to prison.

On February 14, 2012, Officer Jackson filed a petition for issuance of a warrant for Phifer's arrest based on alleged violations of his conditions of supervised release. Officer Jackson alleged that, on at least three occasions, Phifer had physically assaulted Neff and had threatened to kill her. Officer Jackson further alleged that on February 7, 2012, Phifer

admitted that he had been using K-2. On that same date, the undersigned granted the request for issuance of a warrant, and a warrant was issued for Phifer's arrest. Doc. No. 71.

The undersigned held a revocation hearing on March 7 and 8, 2012. At the hearing, the government was represented by Assistant United States Attorney Forde Fairchild. Phifer appeared in person with his attorney, Jay Denne. The government offered the testimony of Leah Neff, Woodbury County Deputy Sheriff Wendy Christensen, and Sioux City Police Detective Mike Simons. Phifer offered the testimony of Angelina Linn, Thomas Rozmiarek, and Williams Berens.

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The district court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

The court finds that the testimony of Leah Neff was true and reliable. Phifer has assaulted and threatened her repeatedly during his supervised release. He has been, and remains, a serious threat to her safety and well-being. The court finds that the evidence proves overwhelmingly that Phifer committed "assault causing bodily injury," a serious misdemeanor punishable by imprisonment of up to one year. Iowa Code §§ 708.1, 708.2(2), 903.1(1)(b). Having so found, 18 U.S.C. § 3583(e) requires the court to consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether the defendant's term of supervised release should be terminated, extended, modified, or revoked. Although the court is not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th

Cir. 2005), the relevant factors are set forth here for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed –
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant;
>>
>> . . . .
>>
>> (4) the kinds of sentence and the sentencing range established for –
>>
>>> . . . .
>>>
>>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>>
>> (5) any pertinent policy statement –
>>
>>> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the

> > Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> > (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). After considering these factors, the court may terminate, extend, revoke, or modify the term of supervised release as set forth in § 3583(e).

## II. DISCUSSION OF REMEDY

USPO Jackson recommends that Phifer's term of supervised release should be revoked and that he should be sentenced to a term of imprisonment of 19 months. The court turns to consideration of the factors set forth in 18 U.S.C. § 3553(a).

### A. *Nature and circumstances of offense, and Phifer's history and characteristics*

Phifer's original offense arose from his possession of a firearm after previously having been convicted of a misdemeanor crime of domestic violence. The fact that the offense involved a firearm, and the length of Phifer's federal sentence, indicate the crime was serious.

Phifer's conduct since his release from federal custody raises serious concerns. He has continued to violate the law, including acting in a manner that has jeopardized the safety of others. His history indicates he is not amenable to supervision and is likely to continue to violate terms of release unless he receives a sanction of sufficient severity to impress upon him the necessity of his compliance in the future.

## B. Deterrence of criminal conduct

Any modification of supervised release imposed upon Phifer must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The court finds that imposing a lengthy term of imprisonment is necessary to deter further criminal conduct by Phifer. Phifer is facing a prison term of up to 19 months. The court finds this is not a sufficient deterrent, but it is all that is available.

## C. Protection of the Public from Further Crimes

Any modification of Phifer's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). The court finds that incarceration is necessary to protect the public from further crimes.

## D. Sentencing Considerations

The statute requires the court to consider pertinent policy statements issued by the United States Sentencing Commission, in effect at the time of Phifer's sentencing. 18 U.S.C. § 3553(a)(5). The court finds two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. The most serious of Phifer's violations is a Grade C violation, which consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." Having so found, the court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation: "Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement).

Should the court revoke Phifer's supervised release, his recommended range of imprisonment pursuant to the Sentencing Guidelines would be five to eleven months, with a maximum statutory imprisonment of two years, less the five months served by Phifer for his previous revocation. *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3); *United States v. Marrow Bone*, 378 F.3d 806, 808 (8th Cir. 2004) ("[I]f the original sentence was a Class C felony, § 3583(e)(3) dictates that the revocation sentence may not exceed 24 months." (citing *United States v. Hensley*, 36 F.3d 39, 42 (8th Cir. 1994))).

### *E. Sentencing Disparities*

The final consideration is whether the court's decision here will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The court finds it will not.

### *F. Recommendation*

The undersigned has given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and **recommends as follows**. Although the recommended term of imprisonment for a Grade C violation is five to eleven months in light of Phifer's criminal history category of III, the undersigned recommends that Phifer be sentenced to a term of imprisonment of 19 months, which is the statutory maximum of 24 months less the five months served by Phifer for his previous revocation.

> The Eighth Circuit has required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory. There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)). "Thus, a revocation sentence exceeding the suggested range in the policy statements of Chapter 7 has not been considered to be an upward departure from the guidelines." *Id.* (citing *United States v. Shaw*, 180 F.3d 920, 922 (8th Cir. 1999) (per curiam)). Accordingly, defendants are not entitled to prior notice that the court is contemplating a sentence outside the Chapter 7 range. *Id.* Failure to provide written reasons for sentencing outside the applicable policy statement range for revocation sentences is not reversible error, although written statements of reasons are helpful for the parties, reviewing courts, and the Sentencing Commission. *Id.* at 739; *accord United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline.").

In light of the foregoing and the court's consideration of the § 3553(a) factors, the court finds that a sentence of 19 months' incarceration, with no term of supervised release to follow, furthers the goals of deterrence and incapacitation, reflects the seriousness of Phifer's revocation conduct, and provides just punishment for such conduct. *See United States v. Nelson*, 453 F.3d 1004, 1006 (8th Cir. 2006) (holding that sentence of 24 months of imprisonment, with no supervised release to follow, was not unreasonable following revocation of defendant's supervised release on marijuana conspiracy offense, although sentence exceeded range recommended by Sentencing Guidelines; district court, *inter alia*, made clear that sentence was necessary to further goals of deterrence and incapacitation); *United States v. Smeathers*, 930 F.2d 18, 19 (8th Cir. 1991) (per curiam) (upholding sentence on revocation of supervised release that was longer than initial sentence). In fact, if a longer sentence were available, the court would recommend it.

### *III. CONCLUSION*

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[*] to this Report and Recommendation, that the Government's motion to revoke Phifer's supervised release be **granted**, consistent with the above report.

Objections must be filed **by March 26, 2012**. Responses to objections must be filed **by April 9, 2012**. However, the court urges the parties to file any objections and responses as soon as possible to allow the district court to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 9th day of March, 2012.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[*] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59.